# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0432** (Harrison County 09-F-164)

**Jubal Wesley Goff,**
**Defendant Below, Petitioner**

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner's appeal, by counsel Jerry Blair, arises from the Circuit Court of Harrison County, wherein he was sentenced to a term of incarceration of ten to eighteen years for his conviction of second degree robbery and a term of incarceration of one to five years for his conviction of conspiracy to commit second degree robbery, said sentences to run concurrently. By order entered on February 29, 2012, petitioner was resentenced for purposes of appeal. The State, by counsel Scott E. Johnson, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial in November of 2009, petitioner was convicted of one count of second degree robbery and one count of conspiracy to commit second degree robbery. After admitting to a recidivist information, petitioner was sentenced to a term of incarceration of ten to eighteen years for his conviction of second degree robbery and a term of incarceration of one to five years for his conviction of conspiracy to commit second degree robbery, said sentences to run concurrently. Appellate counsel was later appointed, and an order resentencing petitioner for purposes of appeal was entered on February 29, 2012.

On appeal, petitioner alleges that the circuit court erred in failing to instruct the jury as to a definition of "flight," and that the evidence was insufficient to support his conviction for second degree robbery. In support, petitioner argues that flight is not adequately defined by existing law and that failure to instruct a jury as to a proper definition constitutes a deprivation of his right to a fair trial. According to petitioner, a jury cannot make a factual determination regarding an undefined concept. In regard to his second assignment of error, petitioner argues that the evidence supports only that the State's witness, Brandon Yocco, committed the robbery in question.

1

According to petitioner, he did not take any items from the victim, and none of the items taken were found on his person.

In response, the State argues that petitioner waived any complaint that the jury instructions lacked a definition of flight because he failed to object to the same. Further, the instruction as read to the jury was taken almost verbatim from *State v. Payne*, 167 W.Va. 252, 280 S.E.2d 72 (1981), and is not error. Additionally, the State argues that there was more than sufficient evidence to convict petitioner of second degree robbery because the State proceeded on a concert of action theory. According to the State, because petitioner aided and abetted a confederate who personally took goods from the victim, the evidence was sufficient to support his conviction.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Upon our review, the Court declines to address petitioner's assignment of error regarding the circuit court's instruction as to flight. The record shows that petitioner failed to object to the applicable instruction. We have previously held that "'[o]ur general rule is that nonjurisdictional trial error not raised in the trial court will not be addressed on appeal.' Syllabus Point 9, *State v. Humphrey*, 177 W.Va. 264, 351 S.E.2d 613 (1986)." Syl. Pt. 4, *State v. Smith*, 178 W.Va. 104, 358 S.E.2d 188 (1987). Because petitioner failed to raise this issue below, the Court declines to address the same here.

As to petitioner's second assignment of error, we have previously held that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 5, *State v. Broughton*, 196 W.Va. 281, 470 S.E.2d 413 (1996). Upon our review, the Court finds that the evidence was sufficient to support petitioner's conviction for second degree robbery. Petitioner's argument hinges on his assertion that he did not personally take any items from the victim. The Court finds no merit in this argument. We have previously held that "[u]nder the concerted action principle, a defendant who is present at the scene of a crime and, by acting with another, contributes to the criminal act, is criminally liable for such offense as if he were the sole perpetrator." Syl. Pt. 11, *State v. Fortner*, 182 W.Va. 345, 387 S.E.2d 812 (1989).

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: March 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II